UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILMA HERRERA, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., et al.,<br><br>　　　　　Defendants. | 2:10-CV-924 JCM (RJJ) |

**ORDER**

Presently before the court is defendants' Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Manufacturing, Kentucky, Inc.'s (collectively defendants) motion to dismiss. (Doc. #7). Plaintiffs filed a response (Doc. #13). Defendants filed a reply (Doc. #15).

Plaintiffs' complaint stems from a single vehicle accident that occurred on December 21, 2008. Plaintiff Carolina Salvador was allegedly driving a 2002 Toyota RAV4 in which Jovita Salvador was a passenger. Plaintiff Carolina claims that she applied the vehicle's brakes, and the vehicle accelerated, causing her to lose control and crash into a light post in Las Vegas, Nevada. Carolina and Jovita each sustained injuries from the accident, and Jovita allegedly died from her injuries.

Plaintiffs allege 12 different causes of action against the three Toyota defendants. Plaintiffs assert claims of (1) fraudulent concealment and fraud by omission; (2) fraud; (3) violation of the Consumer Protection Act, NRS 598.0903; (4) false advertising and negligence per se; (5) breach of

**James C. Mahan**
**U.S. District Judge**

1 contract; (6) breach of express warranties; (7) unjust enrichment; (8) breach of implied warranty of
2 merchantability; (9) breach of implied warranty of fitness for a particular purpose; (10) negligence;
3 (11) strict products liability; and (12) breach of implied covenant of good faith and fair dealing.
4 Defendants now move to dismiss all counts other than the negligence (count 10) claim and the strict
5 products liability claim (count 11). Defendants allege that all other claims fail to state a claim for
6 which relief can be granted, and are barred by the applicable statutes of limitations.

7      **A.**    **Counts 5 and 12 Must be Dismissed Because Toyota Defendants Were not**
8           **Parties to the Alleged Contract**.

9     Counts 5, and 12 must be dismissed for failure to state a claim for which relief can be
10 granted. To be liable for a breach of contract, one must be a party to the contract. *See, e.g, Nelson*
11 *v. Heer*, 123 Nev. 217, 163 P.3d 420 (2007). Furthermore, "all contracts impose upon the parties
12 an implied covenant of good faith and fair dealing. . ." *Id.* at 427.

13     Plaintiff Carolina Salvador purchased the vehicle from Desert Toyota, a non-party to the
14 lawsuit. The contract between Carolina Salvador and Desert Toyota is the only contract referenced
15 in the amended compliant. Plaintiffs do not allege that any Toyota defendant was a party to the
16 contract. Accordingly, no Toyota defendant could have breached a contract to which it was not a
17 party. Furthermore, because there was no contract between a Toyota defendant and Salvador, there
18 could not have been any implied covenant of good faith in fair dealing.

19      **B.**    **The "Discovery Rule" Protects the Express and Implied Warranty Claims from**
20           **Dismissal in Counts 6, 8, and 9.**

21     The applicable statutes of limitations do not bar plaintiffs' warranty claims (6, 8, and 9). The
22 Nevada Supreme Court has adopted the "discovery rule," holding that the statute of limitations in
23 a breach of warranty claim begins to toll when a plaintiff knows or reasonably should know of the
24 breach. *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1028 (Nev. 1997). The Ninth Circuit has also
25 adopted the discovery rule, noting that because it would be "inequitable to bar someone who has no
26 idea he has been harmed from seeking redress, the statute of limitations has generally been tolled by
27 the 'discovery rule.'" *Bibeau v. Pac. Northwest Research Found.*, 199 U.S. App. LEXIS 38092 (9th
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Cir. Aug. 19, 1999). Nevada Revised Statute 104.2725(2) states that "where a warranty explicitly extends to future performance of the goods, and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should be discovered." NRS 104.2725(2).

Here plaintiffs allege that defendants made express and implied warranties that the new vehicles sold would be fully operational, safe, and highly reliable. The car accident occurred on December 21, 2008. Toyota announced its recall on January 21, 2010. This complaint was filed May 13, 2010. The earliest that plaintiffs reasonably should have known of the breach of the warranty was when the actual injuries occurred. The complaint was filed within 17 months of the injury, and therefore claims 6, 8, and 9 should not be dismissed.

### C. The Unjust Enrichment Claim in Count 7 Fails to State a Claim for Which Relief Can be Granted.

Plaintiffs' unjust enrichment claim (count 7) fails as a matter of law. In Nevada, the elements of unjust enrichment are (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention by the defendant of such benefit under circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. *Leasepartners Corp. v. Robert L Brooks Trust Dated Nov. 12 1975*, 942 P.2d 182, 197 (Nev. 1997).

Plaintiffs fail to adequately plead a claim of unjust enrichment. Plaintiffs have not plead the existence of any money or property they conferred to defendants. Accordingly, the unjust enrichment claim must be dismissed.

### D. The Violation of Consumer Protection Act Claim in Count 3 And the False Advertising and Negligence Per Se Claim in Count 4 Adequately State a Claim for Which Relief can be Granted.

Plaintiffs have adequately pled violations of the Consumer Protection Act (NRS 598.0903) and a negligence per se claim pursuant to NRS 598. Defendants contend that plaintiffs' claims must be dismissed because they only allege misconduct by non-party Desert Toyota and because they are

**James C. Mahan**
**U.S. District Judge**

barred by the statute of limitations. Both of these defenses are without merit.

Plaintiffs claim that defendants represented through advertising and other marketing that the vehicles were free from defects and could be driven safely in normal operation. Defendants do not credibly deny that they made such representations through advertising and other marketing.

Defendants allege that the statute of limitations has run on the Consumer Protection Act and negligence per se claims. As stated above, however, the application of the discovery rule precludes the tolling of the statute of limitations until the plaintiffs know or should know of their injury. The earliest that plaintiffs could have known about the false advertising and violation of the consumer protection act was when their injuries occurred. The complaint was filed 17 months after the injuries, and therefore none of the applicable statutes of limitations has run.

### E.    The Fraud Claims in Counts 1 and 2 Adequately State a claim for relief

The claims of fraudulent concealment, fraudulent omission, and fraud in counts 1 and 2 adequately state claims for which relief can be granted. Allegations of fraud have a heightened pleading requirement for particularity. In Nevada, a claim of fraud must contain the "who, what when where and how" of the fraud allegations. *Rocker v. KPMG LLP*, 122 Nev. 1185 (Nev. 2006). Plaintiffs must plead allegations that are "specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, plaintiffs have adequately pled the allegations. Plaintiffs' complaint contains fourteen paragraphs with factual allegations supporting the claims of fraud. Plaintiffs allege the Toyota defendants have had knowledge of the sudden acceleration defect of their vehicles since 2001. Plaintiffs further allege that Toyota fraudulently concealed this information and fraudulently advertised for their vehicles in Nevada, specifically to Carolina Salvador.

These allegations sufficiently state the "who, what, when, where, and how" of the fraud. Given the adequacy of plaintiffs' complaint, the significant public attention received by the related Multi-District Litigation No. 2151, and the publicized National Transportation Highway and Safety Administration and Congressional investigations, defendants are on notice of the particular alleged misconduct.

**James C. Mahan**
**U.S. District Judge**

- 4 -

James C. Mahan
U.S. District Judge

1   THEREFORE,

2   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
3   dismiss (Doc. #7) be GRANTED with respect to counts 5, 7, and 12.

4   IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. #7) be DENIED with
5   respect to counts 1, 2, 3, 4, 6, 8, and 9.

6   **DATED** August 23, 2010.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

- 5 -